IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERROL WOODBERRY, | ) | |
| ID # 1284054, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:08-CV-1901-P (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division, filed the instant *Petition for Writ of Mandamus, for Immediate Release/Unlawful Confinement* to compel respondent to release him because his sentence has not been properly credited with time he spent in confinement from March through December 2002. (Pet. at 1.) He contends that "his life has been threatened on numerous occasions, for being labeled a 'snitch'", and prison officials will not place him into protective custody. (*Id.* at 2, 4.) Attached to his petition is an *Affidavit of Imm/Danger*, also labeled as *Deposition Affidavit of Life in Danger*, in which he reiterates that numerous threats have been made against his life, and asserts that such threats put his "life and safety in risk everyday [he is] in prison." (*See id.* at 6.) No process has been issued in this case.

## II.  PRIOR SANCTIONS

On August 15, 2001, the Fort Worth Division of the Northern District of Texas sanctioned petitioner in *Woodberry v. Tarrant County Commissioners Court*, No. 4:01-CV-659-Y.  After noting petitioner's litigious history and a blatant false statement in the filing before it, the Court found that petitioner had "willfully abused the judicial process, such that the Court must impose a monetary sanction against him."  It "assessed a monetary sanction of $50.00, which shall be paid to the Clerk of Court for the Northern District of Texas."  It further ordered "that the clerk of Court shall NOT accept any further petitions, complaints, motions, pleadings, or documents of any type from Errol Woodberry, except for complaints that Woodberry is under imminent danger of serious physical injury, until he has paid in full the monetary sanction imposed in this cause."

This Court "observe[s] and enforce[s] sanctions imposed by another federal court in Texas involving Texas Department of Criminal Justice inmates who file pleadings in this District, unless the sanctioned inmate establishes a change of circumstances or otherwise demonstrates that enforcing such previously imposed sanctions would be unjust."  Misc. Order 48.  In addition, the Court naturally observes and enforces its own sanction orders.  *See Sabedra v. Meadows*, No. 3:05-CV-1304-L, 2006 WL 1499985, at *1 (N.D. Tex. May 5, 2006) (recommendation of Mag. J.), *accepted by* 2006 WL 1571669 (N.D. Tex. May 31, 2006).

Although petitioner has not paid the $50.00 sanction, the Court accepted petitioner's filing, and opened this case due to petitioner's allegations of imminent danger.  The Court now finds that the allegations of conclusory, unspecified threats against petitioner's life are insufficient to allow this action to proceed.  Petitioner provides no evidence that he is in imminent danger of any serious physical injury.  A speculative possibility of danger, mere incarceration with other prisoners, and

unsupported allegations that he has been labeled a "snitch" do not suffice to show petitioner is in imminent danger. To overcome the sanction bar imposed against him, petitioner must show that he is actually in imminent danger at the time that he seeks to file his suit. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) (per curiam); *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam opinion following *Banos*).

By filing the instant petition for writ of mandamus without paying the previously imposed monetary sanction, petitioner has failed to comply with the prior sanction order. Accordingly, this action should be summarily dismissed so as to enforce the prior sanction order.[1]

### III. PROPRIETY OF ADDITIONAL SANCTIONS

When the Fort Worth Division sanctioned petitioner, it also warned him "that any complaint or petition claiming imminent danger of serious physical injury that is determined to be frivolous will likely result in the imposition of a ban on the filing of any action until the monetary sanction is paid in full, and possibly other sanctions as well." *See Woodberry v. Tarrant County Comm'rs Ct.*, No. 4:01-CV-659-Y, slip op. at 4 n.6 (N.D. Tex. Aug. 14, 2001). Because the Court has not reached the merits of this action, the prior warning provides no basis for the specific sanction mentioned therein. The Court, nevertheless, hereby specifically **WARNS** petitioner that any future frivolous or unsupported claim of imminent danger may result in the imposition of further sanctions, including a monetary sanction made payable to the Court and/or a ban on the filing of any action until petitioner has paid all monetary sanctions imposed against him.

---

[1] Because petitioner is barred from pursuing this action by the prior sanction order, the Court need not address whether he should be permitted to proceed with this action *in forma pauperis*.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** without prejudice the instant petition filed by petitioner. He may not re-file it without showing that he has paid the previously imposed monetary sanction or making a satisfactory showing that he is in imminent danger of serious physical injury. Consistent with the prior sanction order, the Clerk of Court shall **NOT** accept any filings from petitioner unless he is under imminent danger of serious physical injury or shows that he has paid the full monetary sanction imposed by the Fort Worth Division.

**SIGNED this 5th day of November, 2008.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE